MERCHANTS REFRIGERATING
COMPANY OF CALIFORNIA,
Plaintiff-Appellant,

v.

UNITED STATES of America,
Defendant-Appellee.

No. 79–4378.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 14, 1981.

Decided Oct. 13, 1981.

Rehearing and Rehearing En Banc
Denied Nov. 25, 1981.

Harry Geist, White Plains, N. Y., argued, for plaintiff-appellant; Edward Lacy, Sr., Lacy & Lacy, Modesto, Cal., on brief.

Barry Lieberman, Washington, D. C., argued, for defendant-appellee; Gilbert E. Andrews, Washington, D. C., on brief.

Before MERRILL and CHOY, Circuit Judges, and HAUK,* District Judge.

PER CURIAM:

Appellant Merchants Refrigerating Company of California (Merchants) provides cold storage facilities for food processors. Between 1973 and 1974, Merchants constructed large frozen food storage and shipping structures at Salinas and Modesto, California. Merchants contends these facilities are used "for the bulk storage of fungible commodities" under Int.Rev.Code § 48(a)(1)(B)(iii) which qualifies it for an investment tax credit under Int.Rev.Code § 38. Merchants' claims for tax refund were not approved, and it commenced this action. The district court entered summary

---

* The Honorable A. Andrew Hauk, Chief United States District Judge for the Central District of   California, sitting by designation.

judgment against Merchants on the question of whether the facilities fell under § 48(a)(1)(B)(iii). We affirm.

The following stipulated facts were submitted to the district court: The Modesto facility consists of 23,162 square feet of freezer space and 7,238 square feet of loading dock area added to an existing building. In Salinas, two adjoining buildings were constructed. The first contains 39,427 square feet of freezer space and 18,541 square feet used for an office and loading dock. The second holds 41,787 square feet of freezer space and 10,055 square feet of loading dock area.

No processing takes place in these structures. Food processors deliver frozen fruits, vegetables and fish to Merchants packed in 64-cubic-foot tote bins, 50-pound boxes and cases of 10-ounce packages. The containers are marked with a description of the product, a warehouse lot number and the name of the owner, packer or distributor before storage. Each processor retains control over its products while stored and is charged on the basis of quantity.

New property eligible for section 38 investment tax credit includes:

(A) tangible personal property, or

(B) other tangible property (not including a building and its structural components) but only if such property—

(i) is used as an integral part of manufacturing, production or extraction . . . or

. . . . . 

(iii) constitutes a facility used in connection with any of the activities referred to in clause (i) *for the bulk storage of fungible commodities* . . . .

26 U.S.C. § 48(a)(1) (emphasis added). In the district court, Merchants argued that the cold storage facilities fell under this definition because food held in tote bins and 50-pound boxes before final processing is in "bulk storage" and the interchangeability of containers within a particular lot made the goods fungible.

The parties were unable to cite any cases interpreting this provision. Instead, their arguments relied on legislative history, tax regulations, revenue rulings, federal warehouse law, the Uniform Commercial Code, tax court interpretations of the superseded portion of section 48 and Webster's Dictionary. In a carefully reasoned memorandum, the district court weighed each party's arguments before deciding that the food stored by Merchants was not fungible since containers were identified by owner, packer or distributor and processors expected return of the particular items deposited rather than an equal quantity of a similar product.

Where the district court rules on questions involving a mixture of fact and law, reversal is not warranted unless the finding was "clearly erroneous." *Parkside, Inc. v. Commissioner*, 571 F.2d 1092, 1095–96 (9th Cir. 1977) (per Choy, Circuit Judge, with special concurrence). *See also* Fed.R. Civ.P. 52(a); *Commissioner v. Duberstein*, 363 U.S. 278, 291, 80 S.Ct. 1190, 1200, 4 L.Ed.2d 1218 (1960); *Thompson v. Commissioner*, 631 F.2d 642, 646 (9th Cir. 1980), *cert. denied*, —— U.S. ——, 101 S.Ct. 3110, 69 L.Ed.2d 972 (1981). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948); *Allen v. United States*, 541 F.2d 786, 788 (9th Cir. 1976). We are not convinced that an error of this magnitude has occurred.

Merchants has also advanced the argument that the cold storage rooms were "giant refrigerators" eligible under Int.Rev. Code § 48(a)(1)(A) for investment tax credits. This contention was not made in the district court, and we will not consider it for the first time on appeal. *United States v. Patrin*, 575 F.2d 708, 712 (9th Cir. 1978); *accord, Redwood Empire Savings and Loan Assn. v. Commissioner*, 628 F.2d 516, 521 (9th Cir. 1980).

The judgment of the district court is AFFIRMED.